# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 2:12-cr-00025-MR-DLH-2

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ESCOVIO RIOS, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on the Defendant's "Memorandum of Law," which the Court construes as a motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 794. [Doc. 119].

On March 27, 2013, the Defendant was found guilty by a jury of conspiracy to possess with intent to distribute at least 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1). [Doc. 42]. The Defendant was sentenced on April 24, 2014 to a term of 151 months' imprisonment. [Doc. 80]. The Defendant appealed, and on February 2, 2015, the Fourth Circuit Court of Appeals affirmed his conviction and sentence. [Doc. 98]. On November 3, 2015, this Court subsequently reduced the Defendant's sentence to 121 months pursuant to Amendment 782 and 18 U.S.C. § 3582(c)(2). [Doc. 116].

On August 1, 2016, the Defendant filed a motion to vacate pursuant to 28 U.S.C. § 2255, arguing that Amendment 794 to U.S.S.G. § 3B1.2 makes him eligible for a minor role adjustment to his already reduced sentence. [Doc. 117]. The Court dismissed the Defendant's § 2255 motion without prejudice to bringing his claim in a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). [Doc. 118]. The Defendant now returns to this Court and moves pursuant to 18 U.S.C. § 3582(c)(2) to reduce his sentence based on Amendment 794. [Doc. 119].

The Sentencing Guidelines Manual does not specify Amendment 794 as a retroactively applicable amendment. See U.S.S.G. § 1B1.10(d) (2015). Even assuming that Amendment 794 could be applied retroactively, however, it would not affect the Defendant's sentence. Amendment 794 amended the commentary to U.S.S.G. § 3B1.2 in order to provide a list of non-exhaustive factors for the sentencing court to consider in determining whether to apply a mitigating role adjustment. See U.S.S.G. app. C, amend. 794, at 116. Here, the evidence presented at trial made clear that the Defendant was far more than a minor or minimal participant in the subject conspiracy. In fact, the PSR notes that the Defendant was responsible for distributing 222.8 net grams of actual methamphetamine. [Doc. 69 at ¶ 26]. Thus, Amendment 794 has no bearing on the Defendant's case.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's "Memorandum of Law" [Doc. 119], which the Court construes as a motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 794, is **DENIED**.

**IT IS SO ORDERED.**

Signed: September 16, 2016

Martin Reidinger
United States District Judge